**James Lee SWEED, Appellant,**

v.

**CITY OF EL PASO, Appellee.**

No. 08-05-00287-CV.

Court of Appeals of Texas,
El Paso.

June 15, 2006.

Rehearing Overruled July 26, 2006.

Jimmy Lee Sweed, El Paso, pro se.

F. Duane Force, Delgado Acosta Spencer Linebarger Heard & Perez, LLP, Austin, for Appellee.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

RICHARD BARAJAS, Chief Justice.

Appellant, James Lee Sweed, acting pro se, appeals the summary judgment granted in favor of Appellee, City of El Paso, Texas ("City"). On appeal, Appellant contends that the trial court erred by granting summary judgment in favor of the City and denying his motion for summary judgment. Appellant further argues that the trial court erred in dismissing Martin Sweed, deceased, and Martha Cox Sweed, deceased, from the suit. We affirm the judgment of the trial court.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On July 31, 2001, Appellant, appearing pro se, filed a petition against the City of El Paso, naming himself and his deceased parents under a 42 U.S.C. § 1983 action.

Appellant claimed the City had wrongfully collected property taxes against himself and his parents for the years 1988 through 1993 when the property in question was owned by another individual. The City filed an original answer and general denial on November 16, 2001. Among other documents, Appellant filed a motion for summary judgment with brief in support on November 25, 2002.

On June 13, 2003, the trial court sent to the parties its notice of intent to dismiss for want of prosecution, setting a dismissal hearing for July 23, 2003. Appellant filed his reply to the notice on June 30, 2003, stating among other things that hearings and trial on the merits should "be held by audio video tape because plaintiffs is confine [sic] in Texas prison." He also requested that the trial court set the case for trial on the merits.

Nevertheless, on August 13, 2003, the trial court dismissed the case pursuant to Rule 165a of the Texas Rules of Civil Procedure. On August 29, 2003, Appellant filed his motion for reinstatement, urging that the trial court knew or should have known that he was confined in a Texas prison and had no way to appear for hearing other than through video technology or by telephone. The trial court did not rule on this motion. In an opinion issued by this Court on July 8, 2004, we found that the trial court had abused its discretion in dismissing the case for want of prosecution and ordered the trial court's dismissal order reversed and remanded the case for further proceedings. *See Sweed v. City of El Paso,* 139 S.W.3d 450, 452–53 (Tex. App.-El Paso 2004, no pet.).

The City then filed defendant's original response to plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. Thereafter, Appellant responded by filing his reply to defendant's original response to plaintiff's

motion for summary judgment and defendant's cross-motion for summary judgment. Without a hearing, the trial entered a judgment dismissing Martin Sweed, deceased, and Martha Cox Sweed, deceased, from the suit, denied Appellant's summary judgment, and granted summary judgment in favor of the City. This appeal follows.

## II. DISCUSSION

Without citing to supporting authority, in Issue No. One, Appellant contends the trial court abused its discretion in granting the City's motion for summary judgment and denying Appellant's motion for summary judgment. In Issue No. Two, Appellant contends the trial court erred in dismissing Martin Sweed, deceased, and Martha Cox Sweed, deceased, from the suit. Appellant further argues that his suit meets the elements for a class action certification and that the trial court erred in not allowing him to represent the class.

A pro se litigant is held to the same standard as licensed attorneys and must comply with applicable laws and rules of procedure. *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.-Dallas 2004, pet. denied). On appeal, as at trial, the pro se appellant must properly present its case. *Id.* at 678. The issue on appeal must state concisely all issues or points presented for review. TEX.R.APP. P. 38.1(e). Pursuant to the Rules of Appellate Procedure, appellant's brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief with appropriate citations to authorities and to the record. TEX.R.APP. P. 38.1(g) and 38.1(h). Rule 38 requires Appellant to provide us with such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. *See Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex.App.-Houston [1st Dist.] 2002, pet. denied); *Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex.App.-Amarillo 1998, no pet.). This is not done by merely uttering brief conclusory statements, unsupported by legal citations. *Tesoro Petroleum Corp.*, 106 S.W.3d at 128. An issue on appeal unsupported by argument or citation to legal authority presents nothing for the court to review. *Strange*, 126 S.W.3d at 678.

Appellant's issues are minimally briefed and fall short of preserving error for review by this Court. Appellant's brief consists of three pages of argument, wherein he fails to cite to the appropriate standard of review applicable to this case. Appellant further does not attack the merits of the granting of the City's motion for summary judgment, but merely directs this Court's attention to answers made to interrogatories in a previous lawsuit in cause number 93–2885. Appellant's argument for both of his issues does not cite to any cases which support an appellate argument. *See* TEX.R.APP. P. 38.1(h); *Stephens v. Dolcefino*, 126 S.W.3d 120, 125–26 (Tex. App.-Houston [1st Dist.] 2003, pet. denied); *Franz v. Katy Indep. Sch. Dist.*, 35 S.W.3d 749, 755 (Tex.App.-Houston [1st Dist.] 2000, no pet.). Given the above, we find that Appellant has waived his complaints on appeal. Appellant has failed to establish any basis for reversal of the trial court's decision in his brief. Issue Nos. One and Two are inadequately briefed and are overruled.

Having overruled each of Appellant's issues on review, we affirm the judgment of the trial court.