COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS




MARTA MARTINEZ,

                            Appellant,

v.

EL PASO COUNTY,

                            Appellee.

§
 
§
 
§
 
§
 
§
 
 § 


No. 08-05-00229-CV

Appeal from the

County Court at Law No. Seven 

of El Paso County, Texas 

(TC# 2005-448)



 

 

 




O P I N I O N

            Upon application of the Appellee, El Paso County (the “County”), the Appellant, Marta
Martinez (“Martinez”), was permanently enjoined from using the El Paso County Law Library on
April 14, 2005. Following the injunction, the trial court also dismissed her counterclaim and
imposed monetary sanctions for frivolous pleadings. The County argues that Martinez has waived
any issues on appeal, because she has not complied with Tex. R. App. P. 38.1. For the reasons that
follow, we affirm the trial court’s judgment.
FACTUAL AND PROCEDURAL BACKGROUND
            The County filed a petition on January 25, 2005, seeking to enjoin Martinez from using the
El Paso County Law Library. The petition alleged that Martinez had a history of disrupting other
patrons’ use of the library by talking in a loud voice, yelling, and using profanity. She was also
accused of yelling at, and threatening, a member of the library staff.
            In February of 2004, Martinez had been convicted of disorderly conduct after she used
profanity to insult and abuse a member of the library staff. As a result of this incident, and after a
hearing before the El Paso County Law Library Committee, Martinez was allowed to return to the
library only under certain conditions. On November 17, 2004, Martinez was cited for disorderly
conduct again for using profanity to insult a member of the library staff. This conduct violated the
conditions of Martinez’s use of the library, and her access was revoked by the Law Library
Committee. The County further alleged that, due to Martinez’s behavior, the library staff and
patrons remained fearful of her and asked that she be permanently barred.
             Martinez filed her answer to the injunction petition on February 22, 2005, and seems to have
asserted a counterclaim for, inter alia, defamation.


 She alleged that several lawyers, judges, and
county staff members in the El Paso County Courthouse verbally abused her and accused her of
criminal activity. After hearing evidence on March 4, 2005, the trial court granted the County’s
application for preliminary injunction.


 The trial court found that Martinez’s continued use of the
library posed an imminent threat to the County, “because the Defendant will continue for an
indefinite period of time to use the Law Library in a disruptive, abusive and threatening manner.”
            On April 14, 2005, both parties appeared at a hearing on the County’s application for
permanent injunction. Martinez was permanently enjoined from using the El Paso County Law
Library and barred from having any contact with library staff or known patrons. On the County’s
motion, on June 23, 2005, the trial court dismissed Martinez’s counterclaim and ordered her to pay
$1,500 to the County for attorney’s fees related to the counterclaim. Martinez filed a notice of
appeal on June 24, 2005.
            Martinez’s brief includes approximately 134 un-numbered pages. Within those are
approximately seventy-nine pages of “Attachments,” many of which are not a part of the appellate
record.


 Although the “Table of Contents” includes the headings, “Summary of Argument” and
“Argument,” we have not been able to find these sections in the body of the brief. There are no
citations to relevant legal authority or to the record in the entire brief.
            The “Issues Presented” section contains eight pages of discussion of the various cases
Martinez has been involved in, many of which do not seem to have any connection to this appeal. 
For example, Martinez makes reference to a legal malpractice case from 2003, which she asserts is
on appeal both in this Court and in the Fifth Circuit. She also discusses a suit against her older sister
in 2004, where Martinez attempted to enjoin the administration of their parents’ estate during a will
contest.
            Martinez also used this section to discuss her counterclaim against the County for
defamation. She details the evidence which she asserts proves the County and its employees
defamed her and entitles her to compensation. She also asserts that this Court has the discretion to
appoint an attorney to represent her in her civil cases, although she does not explain on what grounds
or specify in which case or cases.
            Only in the section entitled “Prayer” have we been able to understand even generally what
judgments and orders Martinez is attempting to appeal and how she believes we should decide her
case. In the prayer, Martinez requests that this Court take five different actions. First, she asks that
we remand the case for a jury trial, although it is unclear what “case” she wants us to remand. 
Second, she asks us to remove all permanent and temporary injunctions against her use of the El
Paso County Law Library. Third, she asks that we “remove” all sanctions and “wrongful accusation
& allegations of frivolous lawsuit.” Fourth, she asks that her “Affidavit of Inability to Pay Costs be
Acknowledged as to be true and correct . . . .” Fifth and finally, she asks to be compensated for
personal injury and emotional distress in relation to her defamation claim.
            The County argues that Martinez has waived any issues she may have intended to raise by
failing to file a proper brief and by not providing this Court with a reporter’s record. Because
Martinez’s brief is without legal authority or analysis, and because we have been unable to identify
any issues for review, we agree.
DISCUSSIONInitially, we must note that pro se litigants are held to the same standards as licensed
attorneys and must comply with all applicable rules of procedure. Sweed v. City of El Paso, 195
S.W.3d 784, 786 (Tex. App.--El Paso 2006, no pet.); Strange v. Continental Cas. Co., 126 S.W.3d
676, 677 (Tex. App.--Dallas 2004, pet. denied), cert. denied, 125 S.Ct. 928 (2005). A pro se litigant
is required to properly present his case on appeal, just as he is required to do at the trial court. 
Strange, 126 S.W.3d at 678. If this were not the rule, pro se litigants would be given an unfair
advantage over those parties represented by counsel. Greenstreet v. Heiskell, 940 S.W.2d 831, 835
(Tex. App.--Amarillo 1997, no writ). Therefore, we cannot make allowances just because a litigant
is not an attorney. Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.--Texarkana 2002, pet.
denied).
             The Texas Rules of Appellate Procedure control the required contents and organization for
an appellant’s brief. See Tex. R. App. P. 38. One of those requirements is that an appellant’s brief
must concisely state all issues or points presented for review. Tex. R. App. P. 38.1(e). An issue
presented in an appellant’s brief is sufficient if it directs the attention of the appellate court to the
error about which the complaint is made. Bankhead v. Maddox, 135 S.W.3d 162, 163 (Tex. App.--Tyler 2004, no pet.). Appellant’s brief must also contain a clear and concise argument containing
appropriate citations to authority and to the record. See Tex. R. App. P. 38.1(h). This requirement
is not satisfied by merely uttering brief conclusory statements, unsupported by legal citations. 
Sweed, 195 S.W.3d at 786. Failure to cite legal authority or provide substantive analysis of an issue
waives the complaint. See Leyva v. Leyva, 960 S.W.2d 732, 734 (Tex. App.--El Paso 1997, no writ).
            The Appellant bears the burden of discussing her assertions of error. Safety Nat’l Cas. Corp. 
v. State, No. 08-05-00209-CV, 2006 WL 3438572, at * 2 (Tex. App.--El Paso Nov. 30, 2006, no pet.
h.). An appellate court has no duty to perform an independent review of the record and applicable
law to determine whether there was error. Strange, 126 S.W.3d at 678. Were we to do so, even on
behalf of a pro se litigant, we would be forced to stray from our role as neutral adjudicators and
become an advocate for that party. See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.--Amarillo 2003, pet. denied). When reviewing a civil matter, an appellate court has no discretion to
consider an issue not raised in the appellant’s brief, even if the ends of justice so require. Maddox,
135 S.W.3d at 163-64 (citing Krumb v. Porter, 152 S.W.2d 495, 496 (Tex. Civ. App.--San Antonio
1941, writ ref’d)). Similarly, we cannot speculate as to the substance of the specific issues an
appellant urges us to address. Strange, 126 S.W.3d at 678.
            As we have explained above, Martinez’s brief is completely void of legal argument and
analysis. The brief is so unclear that we have not been able to identify precisely what judgment or
order Martinez is attempting to appeal. Even if we assume that Martinez does intend to challenge
the permanent injunction, the monetary sanction, and the dismissal of her counterclaim, we have not
been able to identify what error, if any, Martinez would have us review. In short, we have not been
able to find an “Issue” as defined under Rule 38.1(e). It would be inappropriate for us to re-draft and
attempt to articulate what we believe Appellant might have intended to raise on appeal. See id. 
Therefore, due to the inadequacy of her brief, Martinez has waived her issues on appeal. See
Fredonia State Bank v. General Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex. 1994). Finding that
nothing has been preserved for our review, we affirm the trial court’s judgment.
 
                                                                        KENNETH R. CARR, Justice

March 15, 2007

Before Carr, J., Ables, J., and Barajas, C.J. (Ret.)
Barajas, C.J. (Ret.), sitting by assignment
Ables, J., sitting by assignment