COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





CHARLIE RAY TAYLOR,

                            Appellant,

v.


SHIRLEY J. MEADOR, FOOD
SERVICE, MRG-IV, GARY L. CURRIE,
ASSISTANT WARDEN, AMY M.
MARSHALL, FOOD SERVICE MGR-III,
PRESTON T. MCFARLAND, CAPTAIN,
KENNETH M. PUTNAM, JR.,
CAPTAIN, FRANK V. HELM, MAJOR,
MICHAEL G. MANESS, CAPLAIN II,
AND BRAD LIVINGSTON,
EXECUTIVE DIRECTOR,

                            Appellees.

§
 
§
 
§
 
§
 
§
 
 § 

§

§

§

§






No. 08-10-00017-CV

Appeal from the

88th Judicial District Court

of Tyler County, Texas 

(TC# 21, 452)






O P I N I O N

            Mr. Charlie Taylor appeals from the trial court’s order dismissing his case under Chapter
Fourteen of the Texas Civil Practice and Remedies Code. Mr. Taylor’s brief contains five issues
challenging several different orders entered in the trial court, as well as various actions taken by
the Texas Department of Criminal Justice (“TDCJ”). Because Mr. Taylor’s brief does not
comply with the requirements of Texas Rule of Appellate Procedure 38.1, the issues presented
will be overruled as waived, and we will affirm the trial court’s dismissal.
            Mr. Taylor is incarcerated in the Gib-Lewis Unit of the Texas Department of Criminal
Justice’s Institutional Division. On September 9, 2009, Mr. Taylor filed a “Motion for Hate
Crime Reporting,” requesting an injunction against TDCJ officials, for their prejudicial behavior
in failing to create an individualized meal-schedule and to organize specialized food preparations
to accommodate Mr. Taylor’s religious practices. The trial court referred the case to the Attorney
General’s Office for determination whether Mr. Taylor had complied with the requirements for
an inmate litigation under Texas Civil Practice and Remedies Code Chapter Fourteen. See
Tex.Civ.Prac.&Rem.Code Ann. § 14.002 (Vernon 2002). In his subsequent “Motion for Leave
To File For Petition For Civil Rights Complaint,” Mr. Taylor sought “actual damage in the
amount of pursuant, to Five-hundred-thousand dollars ($500,000.00) in United States of America
currency,” for his alleged injuries, in addition to $25,000, in punitive damages from each of the
individually names defendants.
            On October 26, 2009, the attorney general filed a response to the trial court’s order
requesting an evaluation of Mr. Taylor’s filings in light of the statutory requirements for inmate
litigation. The attorney general concluded that Mr. Taylor’s suit should be dismissed for failure
to comply with Chapter Fourteen because: (1) he failed to file an affidavit listing any previous
pro se litigation, other than cases under the Texas Family Code; and (2) he failed to exhaust his
administrative remedies prior to filing suit. See Tex.Civ.Prac.&Rem.Code Ann. § 14.004(a)
and § 14.005 (Vernon 2002). The trial court entered a written order dismissing Mr. Taylor’s case
for failure to comply with Chapter Fourteen on October 28, 2009.
            Mr. Taylor’s appellate brief includes five numbered issues. The statement of these issues
constitutes more than two of the brief’s nine pages. As we understand them, Mr. Taylor’s
complaints can be summarized as follows: (1) the trial court erred by refusing to issue an
injunction against the TDCJ in response to Mr. Taylor’s “Motion for Hate Crime Reporting;” (2)
the trial court erred by dismissing the case before Mr. Taylor was able to respond to the attorney
general’s recommendation; (3) the court erred by ordering Mr. Taylor to pay court costs related
to the lawsuit; (4) an injunction must issue to force the TDCJ to review administrative
segregation cases, such as Mr. Taylor’s, every ninety days; and (5) the trial court violated
Mr. Taylor’s right to due process by failing to provide him with appointed counsel.
            In contrast to its lengthy statement of issues, the brief’s argument section consists of a
single paragraph in which Mr. Taylor concludes that the trial court dismissed the case based on
false statements and misrepresentations by the attorney general. He calls the Court’s attention to
several motions filed after the trial court entered its dismissal order, which included copies of
“Step One & Two Offender grievance forms.” In his prayer for relief, Mr. Taylor requests that
this Court reinstate the case and remand it to the trial court “due that Appellant was in
compliance with Chapter Fourteen . . . .” The brief omits any reference to a standard of review,
and fails to discuss applicable Texas precedent related to dismissal orders in the context of
inmate litigation.
            Initially we must note that pro se litigants are held to the same standards as licensed
attorneys and must comply with all applicable rules of procedure. Sweed v. City of El Paso, 195
S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.); Strange v. Cont’l Cas. Co., 126 S.W.3d 676,
677 (Tex.App.--Dallas 2004, pet. denied). A pro se litigant is required to properly present his
case on appeal just as he is required to do at the trial court. Strange, 126 S.W.3d at 678. An
appellate court has no duty to perform an independent review of the record and applicable law to
determine whether there was error. Strange, 126 S.W.3d at 678. Were we to do so, even on
behalf of a pro se litigant, we would be forced to stray from our role as neutral adjudicators and
become an advocate for that party. See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex.App.--Amarillo 2003, pet. denied). When reviewing a civil matter, an appellate court has no discretion
to consider an issue not raised in the appellant’s brief even if the ends of justice so require. 
Bankhead v. Maddox, 135 S.W.3d 162, 163 (Tex.App.--Tyler 2004, no pet.). Similarly, we
cannot speculate as to the substance of the issues appellant urges us to address but fails to include
in his brief. See Strange, 126 S.W.3d at 678.
            The Texas Rules of Appellate Procedure require an appellant’s brief to concisely state all
issues or points presented for review. Tex.R.App.P. 38.1(f). An issue presented in an
appellant’s brief is sufficient if it directs the attention of the appellate court to the error about
which the complaint is made. See Maddox, 135 S.W.3d at 163-64. Appellant’s brief must also
contain a clear and concise argument containing appropriate citations to authority and to the
record. See Tex.R.App.P. 38.1(h). This requirement is not satisfied by conclusory statements,
unsupported by legal citations. Sweed, 195 S.W.3d at 786. Failure to cite legal authority or
provide substantive analysis of an issue waives the complaint. See Leyva v. Leyva, 960 S.W.2d
732, 734 (Tex.App.--El Paso 1997, no writ).
            As is reflected in the description above, Mr. Taylor’s brief fails to meet the basic
requirements of Texas Rule of Appellate Procedure 38.1, in that it fails to provide a clear and
succinct statement of issues presented for review, and further fails to provide an appropriate legal
argument for the relief Mr. Taylor requests. Issues One through Five are therefore overruled, as
they have been waived due to inadequate briefing.
            Having overruled all of Appellant’s issues, we affirm the trial court’s dismissal.



September 29, 2010
DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.