IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00178-CV

 

In
the Interest of C.N.M., a Child

 

 

 



From the 66th District
Court

Hill County, Texas

Trial Court No. 33680

 



MEMORANDUM  Opinion










 

James McDaniel appeals from the
foreclosure of a child support lien placed against funds he had in his
possession at the time of his arrest on an unrelated charge and against funds
that were given to him by family members while he was incarcerated.  Because we
find no error and due to McDaniel’s inadequate briefing, we affirm the judgment
of the trial court.

Procedural History

The Office of the Attorney General filed
an enforcement action against McDaniel and also sought foreclosure of a child
support lien it had imposed on the funds in McDaniel’s account with the
sheriff’s department.  At a hearing before the Title IV-D associate judge,
McDaniel was adjudged to be approximately $65,000 in arrears on child support;
however, $45,000 of the debt was released at that hearing by the custodial
parent.  Additionally, the associate judge ordered that the funds that were
subject to the lien were foreclosed and to be paid to the State of Texas. 
McDaniel sought a de novo review before the trial court.[1]  At the de novo hearing, which
McDaniel did not attend, the trial court entered the same order from the
hearing before the associate judge.  It is from that order that McDaniel
appeals.

            McDaniel represented
himself, both before the trial court and on appeal.  Because of this, it is
tremendously difficult to determine what his issues are in this appeal in his
brief to this Court.  McDaniel asks this Court to entirely overlook his poor
briefing and failure to follow the rules of appellate procedure. 

Pro Se Litigants 

Initially we must note that pro se
litigants are held to the same standards as licensed attorneys and must comply
with all applicable rules of procedure.  Sweed v. City of El Paso, 195
S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); Strange v. Cont’l Cas.
Co., 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).  A pro se
litigant is required to properly present his case on appeal just as he is
required to do at the trial court.  Strange, 126 S.W.3d at 678.  This
Court has no duty to perform an independent review of the record and applicable
law to determine whether there was error.  Strange, 126 S.W.3d at 678. 
Were we to do so, even on behalf of a pro se litigant, we would be
forced to stray from our role as neutral adjudicators and become an advocate
for that party.  See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.—Amarillo
2003, pet. denied).  Similarly, we cannot  and will not speculate as to the
substance of the issues McDaniel urges us to address but fails to appropriately
include in his brief.  See Strange, 126 S.W.3d at 678.

The Texas Rules of Appellate Procedure
require an appellant’s brief to concisely state all issues or points presented
for review.  Tex. R. App. P.
38.1(f).  An issue presented in an appellant’s brief is sufficient if it
directs the attention of the appellate court to the error about which the
complaint is made.  See Maddox, 135 S.W.3d at 163-64.  Appellant’s brief
must also contain a clear and concise argument containing appropriate citations
to authority and to the record.  See Tex.
R. App. P. 38.1(h).  This requirement is not satisfied by conclusory
statements, unsupported by legal citations.  Sweed, 195 S.W.3d at 786. 
Failure to cite legal authority or provide substantive analysis of an issue
waives the complaint.  See Taylor v. Meador, 326 S.W.3d 682, 684 (Tex.
App.—El Paso 2009, no pet.). 

McDaniel’s Issues on Appeal

McDaniel’s complaints appear to be: (1)
his failure to be present at the de novo hearing, (2) the trial court’s
foreclosure of the funds subject to the child support lien because the funds
were not his, and (3) the foreclosure of the funds is an excessive and
irrational sanction.  McDaniel does not attack the validity of the lien
itself.  

We note that there is nothing in the
record to indicate that McDaniel sought to attend or otherwise appear at the
hearing before the trial court, nor did he file a motion for continuance asking
for a delay.  See Graves v. Atkins, No. 01-04-00423, 2006 Tex. App.
LEXIS 10975, 2006 WL 3751612, at * 3 (Tex. App.—Houston [1st Dist.] Dec. 21,
2006, no pet.) (“To be entitled to appear in person or through video
communications technology . . . the burden rests squarely on the
prisoner-inmate to request access to the court through these alternate means
and to demonstrate why a trial court should authorize them”) (citing In re
Z.L.T., 124 S.W.3d at 166).  This complaint is waived.

Further, there is nothing in the record
to indicate that McDaniel’s girlfriend sought to intervene or appear on her own
behalf to claim ownership of the funds as required by section 157.326 of the
Family Code.  There is an affidavit signed by his girlfriend claiming ownership
of the funds; however, it does not appear in the clerk’s record until it was
filed several days after the entry of the final judgment.  The burden of proof
when there is a dispute regarding the ownership of the funds is on the
individual seeking to prove their ownership of the funds, not the obligor.  Tex. Fam. Code Ann. § 157.326(c) (West
2008).  This complaint is overruled.

McDaniel also complains that the
foreclosure of the child support lien constitutes an excessive or irrational
fine or sanction.  We are unable to determine from McDaniel’s brief how the
foreclosure of the funds should be construed as a fine or how it constituted a
violation of the excessive fines section of the Eighth Amendment to the Constitution. 
U.S. Const. amend. VIII.  We are also unable to determine how the due process
and equal protection clauses relate to McDaniel’s claims.  Rather, McDaniel
merely states that the “sanction” is “downright irrational” and “excessive.” 
He does not explain his contention regarding why the foreclosure of the lien
constitutes a sanction or forfeiture rather than compensation for his child
support obligation, and provides no authorities that support that contention. 
This issue is waived due to inadequate briefing and therefore, is overruled.

Conclusion

            Having found no error, we
affirm the judgment of the trial court.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed March 23, 2011

[CV06]









[1]
McDaniel filed a document entitled “Motion to Reopen and Notice of Appeal”
which the trial court construed to be a request for a de novo hearing.  See
Tex. Fam. Code Ann. § 201.1042
(West 2008).