

# IN THE
## TENTH COURT OF APPEALS

### No. 10-10-00178-CV

### IN THE INTEREST OF C.N.M., A CHILD

**From the 66th District Court
Hill County, Texas
Trial Court No. 33680**

## MEMORANDUM OPINION

James McDaniel appeals from the foreclosure of a child support lien placed against funds he had in his possession at the time of his arrest on an unrelated charge and against funds that were given to him by family members while he was incarcerated. Because we find no error and due to McDaniel's inadequate briefing, we affirm the judgment of the trial court.

*Procedural History*

The Office of the Attorney General filed an enforcement action against McDaniel and also sought foreclosure of a child support lien it had imposed on the funds in McDaniel's account with the sheriff's department. At a hearing before the Title IV-D associate judge, McDaniel was adjudged to be approximately $65,000 in arrears on child

support; however, $45,000 of the debt was released at that hearing by the custodial parent. Additionally, the associate judge ordered that the funds that were subject to the lien were foreclosed and to be paid to the State of Texas. McDaniel sought a *de novo* review before the trial court.[1] At the de novo hearing, which McDaniel did not attend, the trial court entered the same order from the hearing before the associate judge. It is from that order that McDaniel appeals.

McDaniel represented himself, both before the trial court and on appeal. Because of this, it is tremendously difficult to determine what his issues are in this appeal in his brief to this Court. McDaniel asks this Court to entirely overlook his poor briefing and failure to follow the rules of appellate procedure.

### Pro Se Litigants

Initially we must note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). A pro se litigant is required to properly present his case on appeal just as he is required to do at the trial court. *Strange*, 126 S.W.3d at 678. This Court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Strange*, 126 S.W.3d at 678. Were we to do so, even on behalf of a *pro se* litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that

---

[1] McDaniel filed a document entitled "Motion to Reopen and Notice of Appeal" which the trial court construed to be a request for a *de novo* hearing. *See* TEX. FAM. CODE ANN. § 201.1042 (West 2008).

party. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003, pet. denied). Similarly, we cannot and will not speculate as to the substance of the issues McDaniel urges us to address but fails to appropriately include in his brief. *See Strange*, 126 S.W.3d at 678.

The Texas Rules of Appellate Procedure require an appellant's brief to concisely state all issues or points presented for review. TEX. R. APP. P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *See Maddox*, 135 S.W.3d at 163-64. Appellant's brief must also contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX. R. APP. P. 38.1(h). This requirement is not satisfied by conclusory statements, unsupported by legal citations. *Sweed*, 195 S.W.3d at 786. Failure to cite legal authority or provide substantive analysis of an issue waives the complaint. *See Taylor v. Meador*, 326 S.W.3d 682, 684 (Tex. App.—El Paso 2009, no pet.).

### McDaniel's Issues on Appeal

McDaniel's complaints appear to be: (1) his failure to be present at the de novo hearing, (2) the trial court's foreclosure of the funds subject to the child support lien because the funds were not his, and (3) the foreclosure of the funds is an excessive and irrational sanction. McDaniel does not attack the validity of the lien itself.

We note that there is nothing in the record to indicate that McDaniel sought to attend or otherwise appear at the hearing before the trial court, nor did he file a motion for continuance asking for a delay. *See Graves v. Atkins*, No. 01-04-00423, 2006 Tex. App.

LEXIS 10975, 2006 WL 3751612, at * 3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) ("To be entitled to appear in person or through video communications technology . . . the burden rests squarely on the prisoner-inmate to request access to the court through these alternate means and to demonstrate why a trial court should authorize them") (*citing In re Z.L.T.*, 124 S.W.3d at 166). This complaint is waived.

Further, there is nothing in the record to indicate that McDaniel's girlfriend sought to intervene or appear on her own behalf to claim ownership of the funds as required by section 157.326 of the Family Code. There is an affidavit signed by his girlfriend claiming ownership of the funds; however, it does not appear in the clerk's record until it was filed several days after the entry of the final judgment. The burden of proof when there is a dispute regarding the ownership of the funds is on the individual seeking to prove their ownership of the funds, not the obligor. TEX. FAM. CODE ANN. § 157.326(c) (West 2008). This complaint is overruled.

McDaniel also complains that the foreclosure of the child support lien constitutes an excessive or irrational fine or sanction. We are unable to determine from McDaniel's brief how the foreclosure of the funds should be construed as a fine or how it constituted a violation of the excessive fines section of the Eighth Amendment to the Constitution. U.S. Const. amend. VIII. We are also unable to determine how the due process and equal protection clauses relate to McDaniel's claims. Rather, McDaniel merely states that the "sanction" is "downright irrational" and "excessive." He does not explain his contention regarding why the foreclosure of the lien constitutes a sanction or forfeiture rather than compensation for his child support obligation, and

provides no authorities that support that contention. This issue is waived due to inadequate briefing and therefore, is overruled.

*Conclusion*

Having found no error, we affirm the judgment of the trial court.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed March 23, 2011
[CV06]