

## NUMBER 13-14-00042-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

LEE ANN CHOLOPISA,                                                    Appellant,

v.

ROY WILLIAM CHOLOPISA,                                              Appellee.

### On appeal from the 87th District Court
### of Limestone County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides, and Perkes
### Memorandum Opinion by Justice Benavides

By two issues, appellant Lee Ann Cholopisa (Lee Ann) appeals the trial court's division of property with appellee Roy William Cholopisa (Roy). Lee Ann asserts that (1) the trial court based its decision upon inadmissible hearsay evidence, and (2) Roy committed fraud. We affirm.

## I.    BACKGROUND

Lee Ann and Roy married on January 2, 2002, and the couple separated in March 2010.   On April 5, 2011, the couple filed for divorce in Limestone County, Texas.[1]  The two main issues before the trial court in this divorce action were whether grounds for divorce existed and how to divide the marital property.

In August 2013, the trial court held a bench trial to decide the pending matters on the Cholopisa divorce.   On November 25, 2013, the trial court ordered and decreed that Lee Ann and Roy's divorce be finalized and ordered the following relevant division of property in the couple's final divorce decree:

### [Lee Ann's] Separate Property

2.   [R]eal property located at 206 Westminister [sic], Tehuacana, Texas and being the real property conveyed to [Lee Ann] by Warranty Deed dated May 13, 1996 of Deed Records of Limestone County, Texas.

### [Roy's] Separate Property

1.   Any and all interest, including the life estate reserved by him, in the real property and improvements, including the house and shop, located at 204 Westminister [sic], Tehuacana, Texas, being more particularly described in that Warranty Deed from Ferron M. Williams and wife, Wandalene Williams, to [Roy], dated August 20, 2002 and recorded as Document No. 023863, Vol. 1091, Page 285 of the Official Records of Limestone County, Texas, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, home security access code, garage door opener, warranty and service contracts , and title and closing documents.   Said property being more particularly described as follows:

. . . .

---

[1] This appeal was transferred from the Tenth Court of Appeals in Waco pursuant to a docket equalization order issued by the Texas Supreme Court.  *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

2. Any and all interest, including the life estate reserved by him, in 100 acres of land, being more particularly described in that Warranty Deed from James D. Bates and wife, Dorothy J. Bates, to Roy Cholopisa, dated January 24, 2006 and recorded as Document No. 00006753, Vol. 1197, Page 399 of the Official Records of Limestone County, Texas, including but not limited to any escrow funds, prepaid insurance, and title and closing documents. Said land being more particularly described as follows:

. . . .

### *Judgment for Damages and to Establish Real Property Boundary*

The Court finds that the parties, [Lee Ann] and [Roy] own certain real properties that adjoin with (1) [Lee Ann] owning the residence located at 206 Westminister [sic], Tehuacana, Texas on the north side of property owned by [Roy] and (2) [Roy] owning the residence located at 204 Westminister [sic], Tehuacana, Texas on the south side of property owned by [Lee Ann].

The Court further finds that during their marriage the parties erected a metal building shop located primarily on the real property located at 204 Westminister [sic], Tehuacana, Texas owned by [Roy] that may encroach to the north upon the property owned by [Lee Ann] located at 206 Westminister [sic], Tehuacana, Texas and that a dispute exists regarding the existence of the boundary between the two parties' real property. The Court further finds that any and all issues related to damages resulting from any encroachment and/or for judgment to resolve the disputed boundary line were tried by consent between the parties in this divorce proceeding to achieve a full and final resolution of their claims against the other.

The Court further finds that by entering the Judgment below wherein [Roy] will be responsible for a disproportionate share of the parties' community credit card liabilities that such award shall serve as an award of damages to [Lee Ann] as a result of the encroachment, if any, to the southernmost boundary of her real property for the shop erected on the northern side of the real property owned by [Roy] as well as for her claims for reimbursement related to the construction of the shop on [Roy's] separate property.

This appeal followed.

3

## II.   WAIVER

As a preliminary matter, Roy asserts that Lee Ann's arguments on appeal are waived because her brief does not comport with the briefing rules of the Texas Rules of Appellate Procedure.   *See* TEX. R. APP. P. 38.1.

The Texas Rules of Appellate Procedure require adequate briefing.   *ERI Consulting Eng'rs, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *see also* TEX. R. APP. P. 38.1.   Furthermore, error may be waived by inadequate briefing.   *Fredonia State Bank v. Gen. Am. Life. Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994).   It is not the proper role of this Court to create arguments for an appellant, and we will not do the job of the advocate.   *See Paselk v. Raburn*, 293 S.W.3d 600, 613 (Tex. App.—Texarkana 2009, pet. denied).   However, briefs are meant to acquaint this Court with the issues in a case and to present argument that will enable us to decide the case, and substantial compliance with this rule is sufficient.   TEX. R. APP. P. 38.9 ("Briefing Rules to Be Construed Liberally").

Both parties were represented by counsel before the trial court.   On appeal, however, Roy is represented by counsel, while Lee Ann is acting pro se.[2]   Although Lee Ann's brief is not ideal, we hold that her arguments are presented in a manner that is sufficient to enable us to decide this case.   *See id.*   Therefore, we deny Roy's request to strike Lee Ann's brief and dismiss her appeal, and we will proceed to address the merits of her brief below.

---

[2] Pro se litigants are held to the same standards as licensed attorneys.   *See Sweed v. City of El Paso,* 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Continental Cas. Co.,* 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied).

### III.   CHALLENGES TO THE TRIAL COURT'S FINDINGS

By her first issue, Lee Ann asserts a general challenge that the trial court based its "final decision" on hearsay testimony.   Specifically, Lee Ann complains that the trial court erred in finding that:   (1) Roy purchased the 204 Westminster Street home with his separate property; (2) a totaled Nissan Altima was sold for $800, despite a contrary sale price listed on the certificate of title; and (3) no community property was used by Roy in purchasing the the 100-acre land in 1998.

### A.   204 Westminster Street Property and 100 Acre Land

Although Lee Ann does not assert what specific error the trial court made with regard to the trial court's finding regarding the 204 Westminster Street property or the 100-acre piece of real property, we agree with appellee that Lee Ann's first and third arguments are based upon claims for reimbursement.

#### 1. Reimbursement

A claim for reimbursement includes payment by one marital estate of the unsecured liabilities of another martial estate, as well as reduction of the principal amount of debts.   *Hinton v. Burns*, 433 S.W.3d 189, 195 (Tex. App.—Dallas 2014, no pet.) (citing TEX. FAM. CODE ANN. § 3.402(a)(1), (5)).   The trial court shall resolve a claim for reimbursement by using equitable principles, including the principle that claims for reimbursement may be offset against each other if the court determines it to be appropriate.   TEX. FAM. CODE ANN. § 3.402(b).   Simply put, the rule of reimbursement is purely an equitable one.   *Hinton*, 433 S.W.3d at 195.

The party claiming reimbursement has the burden of pleading and proving that the expenditures and improvements were made and that they are reimbursable.   *Id.* (citing

5

*Vallone v. Vallone*, 644 S.W.2d 455, 459 (Tex. 1982)).   Reimbursement is not available as a matter of law, but lies within the discretion of the court.   *Id.* at 195–96.

### 2. Discussion

Lee Ann argues that Roy did not prove that payments made on the 204 Westminster property came from his separate property rather than the community estate. The record shows that Roy took out a home equity loan secured by his undisputed separate property located in Fort Worth.   Lee Ann testified that the home equity loan was paid with community property funds from a checking account solely in Roy's name.   She did not, however, offer any evidence indicating an amount that was paid toward the home equity loan, nor did she testify as to how much was owed on the home equity loan or whether it was even paid off.   Roy testified that he did not use any money from the community estate to purchase the 204 Westminster property and that Lee Ann "was aware" that the property was conveyed to him as his separate property.   At the time of trial, Roy owed $12,487.68 on the home equity loan that is solely in his name.   According to Roy, he used the rental income from his Fort Worth property to make payments on the home equity loan.     Based upon this record, we conclude that Lee Ann did not meet her burden to establish a claim of reimbursement because she did not plead and prove that community funds were used to make payments on Roy's home equity loan.   *See id.* at 195.   Accordingly, the trial court did not err in exercising its discretion.

Next, by her third argument, Lee Ann argues that the trial court erred by not reimbursing the community estate for payments made toward Roy's 100-acre separate property.   Lee Ann does not dispute that the character of the property at issue is Roy's separate property, but contends that the community estate helped "pay for" the land.

6

Roy testified that he entered into a contract for deed on the land in 1998 by making a $7,500 down payment. He further testified that the payments made on that land derived from the sale of calves located on the 100-acres. Roy testified that he made annual payments on the land from December 1998 until the property was deeded to him in January 2006. Despite her claims on appeal, Lee Ann likewise did not put forth any evidence to establish the amount, if any, she sought in reimbursement for annual payments made on Roy's 100 acres. Therefore, she, again, did not carry her burden to establish a claim for reimbursement. *See id.* As a result, the trial court did not err in exercising its discretion.

## B. Nissan Altima

By her second argument, Lee Ann asserts that the trial court erred in finding that a Nissan Altima belonging to the community estate—that was deemed a total loss after a wreck—sold for $800 because the sales price of the certificate of title stated otherwise. We construe this argument as a factual and legal challenge to the sufficiency of evidence.

### 1. Standard of Review

In a bench trial where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989). When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency at the appellate level. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). For legal sufficiency challenges, no evidence points must, and may only, be sustained when the record discloses one of the following situations: (a) a complete absence of evidence of a vital

7

fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005). For factual sufficiency challenges, if the finding is so contrary to the evidence as to be clearly wrong and manifestly unjust, we must set aside the finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

### 2. Discussion

Lee Ann introduced and the trial court admitted a copy of the Nissan's certificate of title evidencing the sale of the Altima to Scotia Ledezma in April 4, 2012 for a sale price of $5,000. The title is signed by "Roy Cholopisa." Roy testified that after the vehicle was "totaled," he signed the certificate of title over to Classic Paint and Body. According to Roy, Classic Paint and Body paid him $800, of which he "netted about three something because the towing and the storage [fees] were over $400." When asked whether Classic Paint and Body resold the Altima, Roy testified that the representatives at Classic Paint and Body told him that "they sometimes fix [cars] up and sell them, and evidently he did." Roy denied that he sold the Altima to Ledezma and maintained that he instead sold the vehicle to Classic Body and Paint. Furthermore, Roy questioned the signature on the title itself.

After reviewing the record, we conclude that more than a scintilla of evidence exists that Roy sold the Altima to Classic Body and Paint. Furthermore, although the certificate of title shows a sale of the Altima to Ledezma for $5,000, we cannot hold that such evidence conclusively establishes that Roy sold the Altima to Ledezma. Roy denied

8

selling the car to Ledezma, and also questioned the validity of his signature on the title. Therefore, we hold that legally sufficient evidence exists to support the trial court's finding. *See City of Keller*, 168 S.W.3d at 810. Additionally, we conclude that the trial court's finding is not so contrary to the evidence to be clearly wrong and manifestly unjust requiring us to set it aside. *See Cain*, 709 S.W.2d at 179.

## C. Summary

We hold that the trial court did not err in exercising its discretion regarding: (1) Lee Ann's claims for reimbursement as they relate to payments made to the home equity loan used to finance Roy's purchase of the 204 Westminster property; and (2) for annual payments made to Roy's 100-acre separate property. Furthermore, we conclude that the evidence was legally and factually sufficient to support the trial court's finding that Roy sold the community estate's Nissan Altima to Classic Body and Paint for $500. Lee Ann's first issue is overruled.

## IV. FRAUD

By her second issue, Lee Ann appears to assert that Roy breached a duty to Lee Ann for deeding during their marriage the 100 acres and 204 Westminster properties to his daughter Carmen and reserving a life estate for himself only.

Each spouse has the sole management, control, and disposition of that spouse's separate property. TEX. FAM. CODE ANN. § 3.101 (West, Westlaw through 2013 3d C.S.). However, whether the homestead is the separate property of either spouse or community property, neither spouse may sell, convey, or encumber the homestead without the joinder of the other spouse, except as provided in this chapter or by the rules of law. *Id.* § 5.001; *see also* TEX. CONST. art. XVI, § 51 (defining a homestead).

9

It is undisputed that the 100 acres and the 204 Westminster properties are Roy's separate property. Furthermore, nothing in the record indicates that the 100 acres or 204 Westminster property were used as Lee Ann or Roy's homestead. To the contrary, the record shows that the couple lived together at the 206 Westminster residence until their separation, when Roy moved into the home at 204 Westminster. Therefore, we hold that Roy had the right to solely convey his 100 acres and 204 Westminster property to his daughter and reserve a life estate for himself only because those properties were his separate property and not his and Lee Ann's homestead. *See id.* §§ 3.101; 5.001. We overrule Leann's second issue.

## V. CONCLUSION

We affirm the trial court's judgment.


GINA M. BENAVIDES,
Justice


Delivered and filed the
4th day of June, 2015.