# NO. 12-14-00139-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JOHN KEVIN GARDNER,*<br>*APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT AT LAW* |
| *JULIA GARDNER,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

John Kevin Gardner, pro se, appeals the trial court's agreed final decree of divorce. On appeal, he presents eight issues. We affirm.

### BACKGROUND

John Kevin Gardner and Julia Elaine Gardner were married on December 7, 2011. On December 26, 2013, Julia filed an original petition for divorce, stating that the parties would enter into an agreement regarding the division of their community estate. She requested the trial court to approve any agreement they reached and order a property division consistent with the agreement. John filed an original answer and counterpetition for divorce. He also made a claim for reimbursement, requesting the trial court to reimburse the community estate for funds or assets expended for the benefit of Julia's separate estate.

Ultimately, Julia filed an agreed final decree of divorce with the trial court, along with her affidavit. John appeared pro se and signed the agreed decree, approving both its form and substance. The trial court signed an agreed final decree of divorce awarding certain personal property to the parties as their separate property. The court found that two residences and Julia's interest in the property owned by her mother's estate (except one motor vehicle) were Julia's separate property. This appeal followed.

<u>WAIVER</u>

In eight issues, John argues that the trial court "violated" his rights by failing to timely schedule a trial date, failing to hold a hearing on the agreed decree, and failing to notify him of a hearing. He contends, therefore, that the agreed decree is unenforceable, and that it should be overturned and "nullified." John also argues that the parties' agreement was "null and void" prior to Julia's filing the agreed decree, that Julia failed to return his personal property pursuant to the agreement, and that Julia refused to produce bank statements and other documents pursuant to the discovery order. He contends that he should be awarded one-half of all the property and monies in the marital estate, and that he should be awarded all of the community property because Julia committed adultery. Finally, he makes a claim for reimbursement for the money Julia allegedly spent on remodeling her two separate property residences.

**Briefing Requirements**

The Texas Rules of Appellate Procedure specify what must be included in an appellant's brief. *See* TEX. R. APP. P. 38.1. Rule 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).

An appellate court has no duty to brief issues for an appellant. ***Huey v. Huey***, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.). The failure to provide appropriate record citations or a substantive analysis of the issues presented waives an appellate issue. ***WorldPeace v. Comm'n for Lawyer Discipline***, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding that failure to offer argument, citations to record, or citations to authority waives issue on appeal); ***Med. Specialist Group, P.A. v. Radiology Assocs., L.L.P.***, 171 S.W.3d 727, 732 (Tex. App.—Corpus Christi 2005, pet. denied) (same); *see also* ***Fredonia State Bank v. Gen. Am. Life Ins. Co***., 881 S.W.2d 279, 284–85 (Tex. 1994) (holding appellate court has discretion to deem issues waived due to inadequate briefing).

References to sweeping statements of general law are rarely appropriate. ***Bolling v. Farmers Branch Ind. Sch. Dist.***, 315 S.W.3d 893, 896 (Tex. App.—Dallas 2010, no pet.). Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support its contentions. ***San Saba Energy, L.P. v. Crawford***, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An appellate court has no duty—or

even right—to perform an independent review of the record and applicable law to determine whether there was error. ***Valadez v. Avitia***, 238 S.W.3d 843, 845 (Tex. App.-El Paso 2007, no pet.). Were we to do so, we would be abandoning our role as neutral adjudicators and become an advocate for that party. ***Id.***

In this case, John makes brief, conclusory statements regarding his issues, most of which are presented in single sentences throughout the brief. He does not provide any citations to the record, any substantive legal analysis, any legal authority or analysis, or any citations to authority in support of his complaints. *See* ***Sweed v. City of El Paso***, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.) (stating that "merely uttering brief conclusory statements" is not a discussion of the facts and authorities relied upon contemplated by Rule 38). Therefore, John presents nothing for our review regarding any of his complaints. *See* ***WorldPeace***, 183 S.W.3d at 460; ***Med. Specialist Group***, 171 S.W.3d at 732.

## Error Preservation

Moreover, as a predicate to presenting a complaint on appeal, the complaining party must have preserved the error at trial by making a proper request, objection, or motion stating the grounds for the ruling that the party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, and then securing a ruling on the request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2). Here, John did not complain to the trial court before he signed the agreed decree, or before the trial court signed it, regarding the lack of a trial date or hearing.[1] He also did not complain about the division of the marital estate, Julia's alleged adultery, his claim for reimbursement, or Julia's alleged failure to return or produce certain documents. Consequently, even if John had adequately briefed his issues, he did not preserve them for our review. *See* TEX. R. APP. P. 33.1(a)(1)(A), (2).

John's eight issues are overruled.

## DISPOSITION

Having overruled all of John's issues, we ***affirm*** the judgment of the trial court.

---

[1] *See* TEX. R. SMITH CTY. DIST. CIV. R. 5 (providing that where agreed judgment or decree is signed by attorneys for all parties without objections to its form or substance within ten days, court may sign judgment without conducting a hearing).

3

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered October 14, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 14, 2015

NO. 12-14-00139-CV

**JOHN KEVIN GARDNER,**
Appellant
V.
**JULIA GARDNER,**
Appellee

Appeal from the County Court at Law

of Smith County, Texas (Tr.Ct.No. 13-3367-E)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **JOHN KEVIN GARDNER,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*