

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00043-CV
_____

IN THE INTEREST OF J.M.L.P. AND M.D.A.P., CHILDREN

On Appeal from the 18th District Court
Johnson County, Texas
Trial Court No. D200305462

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# MEMORANDUM OPINION

By final order modifying a previous order in this suit affecting the parent-child relationship, Carrie was named managing conservator of and Martin was named possessory conservator of, without the right to visit, their two children, J.M.L.P. and M.D.A.P.[1] Martin, who is an inmate at the Polunsky Unit of the Texas Department of Criminal Justice Correctional Institutions Division in Livingston, was not present at the hearing. In this appeal,[2] Martin contends that the trial court erred (1) in entering a temporary order on change of status after conducting a hearing without notice to him, and (2) in denying his motion to be present at the final hearing.[3] We find (1) that any complaint regarding lack of notice of the temporary hearing is not subject to appellate review and (2) that Martin waived his complaint as to the trial court's ruling on his motion. Therefore, we affirm the judgment of the trial court.

## I.    Background

Martin and Carrie were divorced in 2003 and named joint managing conservators of their two children. In 2004, the possession order was modified, and Martin was named joint managing conservator with the right to determine the residence and domicile of the children. In 2013, Martin was arrested and subsequently convicted of felony charges and sentenced to seventy-five years'

---

[1]Pursuant to Rule 9.8 of the Texas Rules of Appellate Procedure, we will refer to the minor children by their initials and to their parents by the aliases Martin (father) and Carrie (mother). *See* TEX. R. APP. P. 9.8.

[2]Originally appealed to the Tenth Court of Appeals in Waco, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Tenth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

[3]Neither Carrie nor the Attorney General filed a reply brief, although the Attorney General attempted to concede that the trial court erred as alleged in Martin's second point of error.

imprisonment. As a result, the children began living with Carrie on May 21, 2013, and continued to reside with her at the time of trial. On August 14, 2014, the Child Support Division of the Attorney General's Office filed a notice of change of status and a motion requesting modification of the previous orders of the court, including, inter alia, appropriate provisions for the conservatorship of the children.[4] After a hearing on March 3, 2015, temporary orders were entered by an associate judge naming Carrie managing conservator and Martin possessory conservator of the children, but providing that no visitation be allowed to Martin. The temporary order also set the matter for a trial on the merits on May 5, 2015. On April 28, 2015, Martin filed (1) a request for the appointment of an attorney ad litem, (2) a motion for a continuance, (3) a motion for a telephonic or video conference, and (4) a declaration of his inability to pay costs. Without ruling on his motions,[5] the trial court proceeded with the May 5, 2015, trial and entered the final order modifying an order in suit affecting parent-child relationship and named Martin possessory conservator without visitation rights.

## II.     Martin Failed to Preserve Any Complaint Regarding the Temporary Orders

In his first point of error, Martin complains that the trial court held a hearing in which it granted temporary orders without providing him notice of the hearing.[6] The entry of the final order in this case rendered moot any complaint regarding the trial court holding a temporary hearing or

---

[4]Martin does not contest that he was not properly served.

[5]Martin only complains of the trial court's denial of his motion for a telephonic or video conference.

[6]Martin's brief only cites authority relevant to a lack of service of citation. However, his brief makes it clear that his complaint is that he was not properly notified of the hearing.

entering temporary orders. *In re C.R.J.*, No. 06-13-00053-CV, 2014 WL 199209, at \*2 (Tex. App.—Texarkana Jan. 17, 2014, no pet.) (mem. op.) (citing *In re K.L.R.*, 162 S.W.3d 291, 301 (Tex. App.—Tyler 2005, no pet.); *In re P.R.*, 994 S.W.2d 411, 417 (Tex. App.—Fort Worth 1999, pet. dism'd w.o.j.), *disappr'd on other grounds by In re J.F.C.*, 96 S.W.3d 256, 267 & n.39 (Tex. 2002); *Wright v. Wentzel*, 749 S.W.2d 228, 234 (Tex. App.—Houston [1st Dist.] 1988, no writ); *Garner v. Garner,* 673 S.W.2d 413, 418 (Tex. App.—Fort Worth 1984, writ dism'd)); *see also Warren v. Earley*, No. 10-10-00428-CV, 2011 WL 3850035, at \*4 (Tex. App.—Waco Aug. 31, 2011, no pet.) (mem. op.). Therefore, this complaint is not subject to review on appeal, and we dismiss this point of error.

### III. Martin Waived any Complaint Regarding his Telephonic or Video Conference Motion

In his second point of error, Martin asserts that the trial court erred in overruling his motion for telephonic or video conference. Initially, we note that Martin is under the mistaken impression that the trial court's order terminated his parental rights,[7] and his brief cites only general authority relevant to parental-rights termination cases, without any relevant authority regarding this point of error. "[P]*ro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure." *In re C.N.M.*, No. 10-10-00178-CV, 2011 WL 1049383, at \*1 (Tex. App.—Waco Mar. 23, 2011, no pet.) (mem. op.) (citing *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676,

---

[7]Although the order currently denies him visitation rights, presumably, at least in part, because of his incarceration, his parental rights remain intact. These would include the right to petition the trial court for a modification of the current orders if his circumstances materially and substantially change. *See* TEX. FAM. CODE ANN. §§ 156.002, 156.101 (West 2014).

4

677 (Tex. App.—Dallas 2004, pet. denied)). The Texas Rules of Appellate Procedure require the appellant's brief to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i); *C.N.M.*, 2011 WL 1049383, at *1. Merely making conclusory statements without the support of relevant legal authority will not satisfy this requirement. *C.N.M.*, 2011 WL 1049383, at *1; *Sweed*, 195 S.W.3d at 786. "Failure to cite legal authority or provide substantive analysis of an issue waives the complaint." *Id.* (citing *Taylor v. Meador*, 326 S.W.3d 682, 684 (Tex. App.—El Paso 2009, no pet.)).

Martin's brief merely states that his absence from the hearing was prejudicial and then cites to a parental-rights termination case in which the father was shackled. *See In re K.R.*, 63 S.W.3d 796 (Tex. 2001). The remainder of his brief relating to this point of error involves argument and legal authority addressing issues related to the termination of parental rights, but not applicable to this point of error or relevant to this appeal. Martin has waived this complaint.

Even if Martin had not waived this complaint, we would find no abuse of discretion by the trial court. In this case, by proceeding to trial without ruling on his motion, the trial court implicitly denied Martin's motion for a telephonic or video conference. *See In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). We review a trial court's denial of an inmate's motion to appear using an abuse-of-discretion standard. *See id.* at 165–66; *In re G.M.S.*, No. 10-08-00131-CV, 2008 WL 4816616, at *2 (Tex. App.—Waco Nov. 5, 2008, no pet.) (mem. op.).

Litigants may not "be denied access to the courts simply because they are inmates." *Z.L.T.*, 124 S.W.3d at 165 (citing *Hudson v. Palmer*, 468 U.S. 517, 523 (1984). "However, an inmate

does not have an absolute right to appear in person in every court proceeding." *Id.* (citations omitted). We weigh the inmate's right to access to the courts against protecting the integrity of the correctional system. *Z.L.T.*, 124 S.W.3d at 165. We consider several factors, including "whether the prisoner's claims are substantial; . . . whether the prisoner can and will offer admissible, noncumulative testimony . . . ; and the prisoner's probability of success on the merits." *Id.* at 165–66.[8] To be entitled to appear by video or telephonic means, the prisoner has the burden to both request access through these means and to demonstrate to the trial court why his request should be granted. *See Z.L.T.*, 124 S.W.3d at 166; *C.N.M.*, 2011 WL 1049383, at *1; *Ringer*, 274 S.W.3d at 869; *Graves*, 2006 WL 3751612, at *3; *A.D.*, 2004 WL 2009395, at *1. The trial court has no duty to inquire into other relevant facts not provided by the inmate. *Z.L.T.*, 124 S.W.3d at 166; *Ringer*, 274 S.W.3d at 869; *Graves*, 2006 WL 3751612, at *3.

In his motion, Martin moved the court to order a telephonic conference or video conference, but provided no information regarding whether video conferencing technology was available at his unit, whether he, personally, had access to video or telephonic conferencing, or any contact information for the appropriate authorities at his unit. *See Ringer*, 274 S.W.3d at 869; *cf. G.M.S.*, 2008 WL 4816616, at *1–2 (noting that inmate provided sufficient information by identifying appropriate prison staff contact information and stating prison staff had agreed to assist in teleconference). Further, Martin stated that he sought to testify regarding "his desire to care, love,

---

[8]Although *Z.L.T.* involved the denial of the issuance of a bench warrant, these same factors have been recognized as applicable when considering other means of attendance, such a telephonic or videoconference. *See, e.g.*, *C.N.M.*, 2011 WL 1049383, at *1; *Ringer v. Kimball*, 274 S.W.3d 865, 868–69 (Tex. App.—Fort Worth 2008, no pet.); *Graves v. Atkins*, No. 01-04-00423-CV, 2006 WL 3751612, at *2–3 (Tex. App.—Houston [1st Dist.] Dec. 21, 2006, no pet.) (mem. op.); *In re A.D.*, No. 10-10-00026-CV, 2004 WL 2009395, at *1 (Tex. App.—Waco Sept. 8, 2004, pet. denied) (mem. op.).

and provide for his . . . children." While this testimony may have been relevant and material if this were a suit to terminate his parental rights, the trial court may have reasonably concluded that this testimony would not be material to the issues before it in this hearing. Finally, considering the length of his prison sentence, Martin's probability in successfully preventing the entry of the modification order was almost nonexistent. On this record, we cannot say that the trial court abused its discretion in denying Martin's motion.

For the foregoing reasons, we overrule this point of error.

We affirm the judgment of the trial court.


Ralph K. Burgess
Justice


Date Submitted:     November 4, 2015
Date Decided:       November 25, 2015