COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CHARLIE RAY TAYLOR, | § | |
| Appellant, | § | |
| v. | § | |
| | § | No. 08-10-00017-CV |
| SHIRLEY J. MEADOR, FOOD | § | Appeal from the |
| SERVICE, MRG-IV, GARY L. CURRIE, ASSISTANT WARDEN, AMY M. | § | 88th Judicial District Court |
| MARSHALL, FOOD SERVICE MGR-III, PRESTON T. MCFARLAND, CAPTAIN, | § | of Tyler County, Texas |
| KENNETH M. PUTNAM, JR., CAPTAIN, FRANK V. HELM, MAJOR, | § | (TC# 21, 452) |
| MICHAEL G. MANESS, CAPLAIN II, AND BRAD LIVINGSTON, | § | |
| EXECUTIVE DIRECTOR, | § | |
| Appellees. | § | |

**O P I N I O N**

Mr. Charlie Taylor appeals from the trial court's order dismissing his case under Chapter Fourteen of the Texas Civil Practice and Remedies Code. Mr. Taylor's brief contains five issues challenging several different orders entered in the trial court, as well as various actions taken by the Texas Department of Criminal Justice ("TDCJ"). Because Mr. Taylor's brief does not comply with the requirements of Texas Rule of Appellate Procedure 38.1, the issues presented will be overruled as waived, and we will affirm the trial court's dismissal.

Mr. Taylor is incarcerated in the Gib-Lewis Unit of the Texas Department of Criminal Justice's Institutional Division. On September 9, 2009, Mr. Taylor filed a "Motion for Hate Crime Reporting," requesting an injunction against TDCJ officials, for their prejudicial behavior

in failing to create an individualized meal-schedule and to organize specialized food preparations to accommodate Mr. Taylor's religious practices. The trial court referred the case to the Attorney General's Office for determination whether Mr. Taylor had complied with the requirements for an inmate litigation under Texas Civil Practice and Remedies Code Chapter Fourteen. *See* Tex.Civ.Prac.&Rem.Code Ann. § 14.002 (Vernon 2002). In his subsequent "Motion for Leave To File For Petition For Civil Rights Complaint," Mr. Taylor sought "actual damage in the amount of pursuant, to Five-hundred-thousand dollars ($500,000.00) in United States of America currency," for his alleged injuries, in addition to $25,000, in punitive damages from each of the individually names defendants.

On October 26, 2009, the attorney general filed a response to the trial court's order requesting an evaluation of Mr. Taylor's filings in light of the statutory requirements for inmate litigation. The attorney general concluded that Mr. Taylor's suit should be dismissed for failure to comply with Chapter Fourteen because: (1) he failed to file an affidavit listing any previous *pro se* litigation, other than cases under the Texas Family Code; and (2) he failed to exhaust his administrative remedies prior to filing suit. *See* Tex.Civ.Prac.&Rem.Code Ann. § 14.004(a) and § 14.005 (Vernon 2002). The trial court entered a written order dismissing Mr. Taylor's case for failure to comply with Chapter Fourteen on October 28, 2009.

Mr. Taylor's appellate brief includes five numbered issues. The statement of these issues constitutes more than two of the brief's nine pages. As we understand them, Mr. Taylor's complaints can be summarized as follows: (1) the trial court erred by refusing to issue an injunction against the TDCJ in response to Mr. Taylor's "Motion for Hate Crime Reporting;" (2) the trial court erred by dismissing the case before Mr. Taylor was able to respond to the attorney

general's recommendation; (3) the court erred by ordering Mr. Taylor to pay court costs related to the lawsuit; (4) an injunction must issue to force the TDCJ to review administrative segregation cases, such as Mr. Taylor's, every ninety days; and (5) the trial court violated Mr. Taylor's right to due process by failing to provide him with appointed counsel.

In contrast to its lengthy statement of issues, the brief's argument section consists of a single paragraph in which Mr. Taylor concludes that the trial court dismissed the case based on false statements and misrepresentations by the attorney general. He calls the Court's attention to several motions filed after the trial court entered its dismissal order, which included copies of "Step One & Two Offender grievance forms." In his prayer for relief, Mr. Taylor requests that this Court reinstate the case and remand it to the trial court "due that Appellant was in compliance with Chapter Fourteen . . . ." The brief omits any reference to a standard of review, and fails to discuss applicable Texas precedent related to dismissal orders in the context of inmate litigation.

Initially we must note that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex.App.--El Paso 2006, no pet.); *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex.App.--Dallas 2004, pet. denied). A *pro se* litigant is required to properly present his case on appeal just as he is required to do at the trial court. *Strange*, 126 S.W.3d at 678. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether there was error. *Strange*, 126 S.W.3d at 678. Were we to do so, even on behalf of a *pro se* litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that party. *See Plummer v. Reeves*, 93 S.W.3d 930, 931 (Tex.App.--

Amarillo 2003, pet. denied). When reviewing a civil matter, an appellate court has no discretion to consider an issue not raised in the appellant's brief even if the ends of justice so require. *Bankhead v. Maddox*, 135 S.W.3d 162, 163 (Tex.App.--Tyler 2004, no pet.). Similarly, we cannot speculate as to the substance of the issues appellant urges us to address but fails to include in his brief. *See Strange*, 126 S.W.3d at 678.

The Texas Rules of Appellate Procedure require an appellant's brief to concisely state all issues or points presented for review. TEX.R.APP.P. 38.1(f). An issue presented in an appellant's brief is sufficient if it directs the attention of the appellate court to the error about which the complaint is made. *See Maddox*, 135 S.W.3d at 163-64. Appellant's brief must also contain a clear and concise argument containing appropriate citations to authority and to the record. *See* TEX.R.APP.P. 38.1(h). This requirement is not satisfied by conclusory statements, unsupported by legal citations. *Sweed*, 195 S.W.3d at 786. Failure to cite legal authority or provide substantive analysis of an issue waives the complaint. *See Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex.App.--El Paso 1997, no writ).

As is reflected in the description above, Mr. Taylor's brief fails to meet the basic requirements of Texas Rule of Appellate Procedure 38.1, in that it fails to provide a clear and succinct statement of issues presented for review, and further fails to provide an appropriate legal argument for the relief Mr. Taylor requests. Issues One through Five are therefore overruled, as they have been waived due to inadequate briefing.

Having overruled all of Appellant's issues, we affirm the trial court's dismissal.

September 29, 2010

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Rivera, JJ.