

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00302-CV

_____

CONCHO RIVER BASIN WATER
CONSERVANCY ASSOCIATION, APPELLANT

V.

TEXAS COMMISSION ON ENVIRONMENTAL QUALITY
AND CITY OF SAN ANGELO, APPELLEES

On Appeal from the 98th District Court
Travis County, Texas
Trial Court No. D-1-GN-11-001298; Honorable Tim Sulak, Presiding

December 3, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is an appeal of the judgment entered following the judicial review of a final decision in a contested administrative proceeding[1] under Subchapter G of the Texas

---

[1]State Office of Administrative Hearings Docket No. 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.

Administrative Procedure Act.[2] Appellant, Concho River Basin Water Conservancy Association (CRBWCA),[3] appeals the decision of 98th District Court, Travis County, affirming the administrative decision of the Texas Commission on Environmental Quality (TCEQ),[4] which approved the application of Appellee, City of San Angelo (*Amendment 1318C*), seeking to amend a previously adjudicated water right (*Certificate of Adjudication No. 14-1318*), issued on March 12, 1980 by the Texas Water Commission, predecessor to TCEQ, in favor of the San Angelo Water Supply Corporation. In the contested hearing before the TCEQ the interests of the San Angelo Water Supply Corporation, the owner of the water right, were represented by the City of San Angelo. Accordingly, throughout the remainder of this opinion, references to the City of San Angelo include by reference the San Angelo Water Supply Corporation.

By this appeal, CRBWCA contests the approval of *Amendment 1318C*, which resulted in the issuance by TCEQ of *Certificate of Adjudication No. 14-1318C*, on April 13, 2011. In five points of error, CRBWCA asserts: (1) TCEQ misconstrued the City's

---

[2]TEXAS GOV'T CODE ANN. §§ 2001.171 – 2001.178 (West 2008).

[3]CRBWCA is a non-profit Texas corporation whose purposes include the protection of water rights in the Concho River Basin. CRBWCA filed the original petition in this cause on its behalf and on behalf of the "Protestant Plaintiffs" recognized by the Texas Commission on Environmental Quality (TCEQ) as parties in the contested case hearing before the TCEQ (TCEQ Docket No. 2008-1617-WR), to-wit: City of Paint Rock; A.J. Jones, Jr.; Wilburn Bailey Estate; Carrol Blacklock; Lewis J. Buck; Lonnie L. Buck; Van W. Carson; W.G. and Wanda Dishroon; Thomas Evridge; Samie Ewald; Leonard Grantham, Jr.; Bill J. Helwig; Hudson Management, Ltd; Douglas John; John C. Ketzler; Bernie and Lucy Mika; Kevin L. Noland; Darrell Rushing; Schneemann Investment Corporation; Kenneth Schwartz; Kent C. Schwartz; Todd Schwertner; Gordon Snodgrass; Vinson Ranch Ltd; Clyde Watkins; Edward E. Werner; Ben A. Willberg; Kenneth R. Windham; Stuart Seidel and South Concho Irrigation Company.

[4]Our references to TCEQ include its predecessor agencies: State Board of Water Engineers, Texas Water Commission, Texas Water Rights Commission, Texas Department of Water Resources, and the Texas Natural Resource Conservation Commission, which changed its name to Texas Commission on Environmental Quality in 2002. *See* Act of May 28, 2001, 77th Leg., R.S., ch. 965, § 18.01, 2001 TEX. GEN. LAWS 1933, 1985. *See also* 30 TEX. ADMIN. CODE § 3.2(8) (2002); *FPL Farming Ltd. v. Environmental Processing Systems L.C.,* 383 S.W.3d 274, 277 n.1 (Tex. App.—Beaumont 2012, pet. denied).

pre-amendment water right; (2) TCEQ improperly found *Certificate of Adjudication No. 14-1318C* would result in no adverse impact on other water rights or (3) the environment; (4) TCEQ improperly determined *Amendment 1318C* did not request a new or increased appropriation or diversion of water that would require the City of San Angelo to demonstrate unappropriated water was available to meet the new demand or diversion; and (5) CRBWCA was denied due process guaranteed by both the United States and Texas Constitutions.[5] The City of San Angelo raises three cross-issues. We will affirm.

## BACKGROUND

### PERMIT 1949

In February 1960, TCEQ issued *Permit 1949* authorizing the San Angelo Water Supply Corporation to appropriate, divert and use storm/flood waters of the Middle and South Concho Rivers, tributaries of the Concho and Colorado Rivers in Tom Green County, Texas. The City of San Angelo's appropriation was limited to no more than 29,000 acre-feet of water per annum for municipal use and no more than 25,000 acre-feet for the purpose of irrigating 10,000 acres of land in Tom Green County. To store the appropriated water, the City of San Angelo was authorized to impound 170,000 acre-feet of water in the South Butte Dam and Reservoir (Reservoir), an on-channel dam located on the South and Middle Concho Rivers.[6]

---

[5]In addition to the arguments presented by CRBWCA, *amicus curiae* briefs supporting those arguments were filed by the Caddo Lake Institute and the Texas Farm Bureau.

[6]The Reservoir's capacity is 600,000 acre-feet. *See* TEX. WATER CODE ANN. § 11.021(a) (West 2008); *Edwards Aquifer Authority v. Day,* 274 S.W.3d 742, 752-53 (Tex. App.—San Antonio 2008), *aff'd,*

3

### THE WATER ADJUDICATION ACT

In March 1967, the Texas Legislature passed the Water Adjudication Act[7] declaring that conservation and best utilization of the State's water resources were a public necessity and the recordation of claims of water rights were necessary to limit the exercise of water claims to actual use. *See* TEX. WATER CODE ANN. § 11.302 (West 2008). Under the Water Adjudication Act, all persons claiming a water right were required to file a sworn statement identifying their water right including "dates and volumes of use of water" with TCEQ. *See id.* at §§ 11.303, 11.307. After TCEQ made a preliminary claim determination, *id.* at §§ 11.309, 11.312, considered claimant contests, *id.* at § 11.313, and made a final determination, *id.* at § 11.315, the Commission then obtained a final decree from a district court. *See id.* at § 11.322. Claimants were permitted to file exceptions to the final determination of TCEQ in district court. *See id.* at § 11.318. At the conclusion of the district court's proceedings, the court entered a decree that was "final and conclusive as to all existing and prior rights and claims to the water rights in the adjudicated stream or segment of a stream"; *id.* at § 11.322(d), subject to civil appeal. *Id.* at § 11.322(c). Thereafter, TCEQ issued a certificate of adjudication setting forth "the priority, extent, and purpose of the adjudicated right" and "all other information in the decree relating to the adjudicated right." *Id.* at § 11.323(b)(3), (4).

---

369 S.W.3d 814, 822-24 (Tex. 2012).

[7]*See* Act of March 13, 1967, 60th Leg., R.S., ch. 45, 1967 TEX. GEN. LAWS 86. The bulk of the water rights provisions in the Water Adjudication Act were moved to Chapter 11 of the Water Code in 1977. *See* Act of May 17, 1977, 65th Leg., R.S., ch. 870, § 1, 1977 TEX. GEN. LAWS 2207, 2215. *See also* TEX. WATER CODE ANN. §§ 11.301-.324 (West 2008).

**ADJUDICATION OF THE CITY OF SAN ANGELO'S WATER RIGHTS**

In August 1976, the Commission issued a modified final determination of the City of San Angelo's water rights under the Water Adjudication Act. The City's authorized usage and impoundment capabilities remained the same as those in *Permit 1949*, however, the modified final determination omitted the requirement that the Reservoir be "equipped with a regulating gate for the purpose of permitting the free passage of the normal flow through the dam at all times and the passage of those waters to which [TCEQ] may determine lower appropriators are entitled."

In June 1979, the 51st District Court of Tom Green County issued its *Final Judgment and Decree* affirming the Commission's modified determination and incorporated TCEQ's description of the City of San Angelo's water right "for all purposes."[8] The *Judgment and Decree* declared it was "final and conclusive as to all existing and prior water rights and claims to water rights in the Concho River Segment of the Colorado River Basin as of the date August 16, 1976. . . ."

In March 1980, TCEQ issued *Certificate of Adjudication No. 14-1318* authorizing the City of San Angelo to retain its ability to divert and use up to 29,000 acre-feet of water per annum for municipal purposes, 25,000 acre-feet of water per annum for irrigation purposes and impound 170,000 acre-feet of water in its Reservoir. In section 5.C. of "Special Conditions," the certificate stated, in pertinent part, the following:

> A conduit shall be constructed in the aforesaid dam . . . and equipped with
> a regulating gate for the purpose of permitting the free passage of the

---

[8]Cause No. 44,900-A, *In the Matter of the Adjudication of the Concho River Segment and Its Tributaries of the Colorado River Basin,* In the 51st District Court, Tom Green County, Texas.

5

normal flow through the dam at all times and the passage of those waters to which the [TCEQ] may determine lower appropriators are entitled . . . .

*Certificate of Adjudication No. 14-1318* was "subject to the Rules of [TCEQ] and its continuing right to supervision of State water resources consistent with the public policy of the State as set forth in the Texas Water Code." *Certificate of Adjudication No. 14-1318* was also subject to "all terms, conditions and provisions provided for in the final decree of the 51st District Court of Tom Green County" and "supersede[d] all rights of the owner asserted in that cause."

### THE CITY OF SAN ANGELO'S AMENDMENT

In 2005, the City of San Angelo filed an application to amend Special Condition 5.C. of *Certificate of Adjudication No. 14-1318*. TCEQ subsequently responded by proposing that it be revised to read as follows:

> 2.B. In lieu of Special Condition 5.C. in Certificate of Adjudication No. 14-1318 . . . a conduit shall be constructed in the [Reservoir] . . . equipped with a regulating gate. [the City of San Angelo] shall permit the free passage of inflows through Twin Buttes Reservoir via the conduit as required by Special Condition 2.C. of Certificate of Adjudication No. 14-1318C, and in such amounts as determined by the Watermaster or the Executive Director for downstream water rights holders and livestock users.
>
> 2.C. [the City of San Angelo] shall only store water in accordance with the *City of San Angelo Water Rights Accounting Plan.* [the City of San Angelo] shall maintain electronic records . . . of the accounting plan and shall submit them to the Executive Record upon request.

In April 2006, TCEQ declared the amended application to be administratively complete and sent notice to 936 downstream water rights holders within the Colorado River basin. After further proceedings, TCEQ referred *Certificate of Adjudication No.*

*14-1318C* to the State Office of Administrative Hearings (SOAH) and, in October 2009, an administrative law judge commenced proceedings.

In January 2010, CRBWCA filed a motion requesting the administrative law judge to determine the parties' water rights under *Permit 1949* before continuing the proceedings. The administrative law judge denied CRBWCA's motion finding that *Permit 1949* was superseded by *Certificate of Adjudication No. 14-1318.* The administrative law judge also found there were no threshold legal issues necessary for determination prior to a hearing on *Certificate of Adjudication No. 14-1318C.*

In March, TCEQ and the City of San Angelo objected to a substantial portion of CRBWCA's pre-filed testimony as irrelevant, hearsay and lay opinion. The administrative law judge sustained substantially all of the parties' objections. In June, a hearing was held and the record closed. In October, the administrative law judge issued a *Proposal For Decision* to TCEQ wherein she struck CRBWCA's pleadings and evidence regarding *Permit 1949* and found that, even if the 51st District Court's 1979 *Final Judgment and Decree* could be interpreted as CRBWCA suggests, *Certificate of Adjudication No. 14-1318* could be amended in TCEQ's proceedings. She recommended TCEQ grant *Certificate of Adjudication No. 14-1318C* subject to terms requiring implementation of a water conservation plan and certain "Special Conditions" requiring, among other things, the installation of devices to measure the quantity of water diverted at each diversion point, the free passage of inflows through the Reservoir subject to certain conditions, Reservoir water storage in compliance with the *City of San Angelo Water Rights Accounting Plan*, placement of stream gauges, and sufficient flows for the maintenance of in-stream uses.

In February 2011, TCEQ approved the *Proposal for Decision* of the administrative law judge without modification and CRBWCA subsequently filed its *Original Petition* appealing TCEQ's decision to a Travis County District Court. In April 2012, the 98th District Court, Travis County, held a hearing and subsequently affirmed TCEQ's decision in all respects. This appeal followed.

## STANDARD OF REVIEW

The orders of an administrative agency are "deemed to be prima facie valid and subject to review under the substantial evidence rule." *City of San Marcos v. Tex. Comm'n on Envtl. Quality,* 128 S.W.3d 264, 270 (Tex. App.—Austin 2004, pet. denied) (quoting *Imperial Am. Res. Fund v. Railroad Comm'n,* 557 S.W.2d 280, 284 (Tex. 1977)). We review TCEQ's findings of fact for support by substantial evidence and its legal conclusions for errors of law. TEX. GOV'T CODE ANN. § 2001.174 (West 2008). *See H.G. Sledge, Inc. v. Prospective Inv. & Trading Co., Ltd.,* 36 S.W.3d 597, 602 (Tex. App.—Austin 2000, pet. denied). If CRBWCA's substantial rights have been prejudiced by TCEQ's decision to grant *Certificate of Adjudication No. 14-1318C*, we must reverse that decision. *See* TEX. GOV'T CODE ANN. § 2001.174(2) (West 2008).

## POINT OF ERROR ONE

In its first point of error, CRBWCA asserts TCEQ erred by failing to consider the effect of *Permit 1949* on the City of San Angelo's pre-amendment water rights and by excluding evidence related to *Permit 1949* from the administrative proceedings. We disagree.

8

In June 1979, the 51st District Court of Tom Green County issued its *Final Judgment and Decree* under the Water Adjudication Act. The *Final Judgment and Decree* was "final and conclusive as to all existing and prior water rights and claims to water rights in the Concho River Segment of the Colorado River Basin as of . . . August 16, 1976." *See* TEX. WATER CODE ANN. § 11.322(a) (West 2008). The record does not indicate there was any appeal of the district court's order and TCEQ subsequently issued *Certificate of Adjudication No. 14-1318* memorializing the City of San Angelo's water right while creating certain special conditions.[9] *See id.* at § 11.322(b)(3), (4). Because *Certificate of Adjudication No. 14-1318* superseded *Permit 1949*, we cannot say TCEQ erred by failing to consider evidence related to *Permit 1949* in its determination to grant *Certificate of Adjudication No. 14-1318C*. Appellant's first point of error is overruled.

## POINT OF ERROR TWO

CRBWCA asserts TCEQ erroneously granted *Certificate of Adjudication No. 14-1318C* because the amendment caused an adverse impact on the water rights of its members. We disagree.

TCEQ's regulations provide that "[a]n application for an amendment to a water right requesting an increase in the appropriative amount, a change in the point of diversion or return flow, an increase in the consumptive use of the water based upon a comparison between the full, legal exercise of the existing water right with the proposed amendment, or a change from the direct diversion of water to on-channel storage shall

---

[9]"In granting an application, TCEQ may direct that stream flow restrictions, return flows, and other conditions and restrictions be placed in the permit being issued to protect senior water rights." 30 TEX. ADMIN. CODE § 297.41 (2002). *See generally* TEX. WATER CODE ANN. § 5.012 (West 2008).

not be granted unless the commission determines that such amended water right shall not cause adverse impact to the uses of other appropriators." *See* 30 TEX. ADMIN. CODE § 297.45 (1999). *See also* TEX. WATER CODE ANN. § 11.122(b) (West 2008).[10]

Here, numerous witnesses testified *Certificate of Adjudication No. 14-1318C* did not increase the amount of any authorized diversion or appropriative amount, extend the term of any appropriation, change the place or purpose of any use, or otherwise harm any water rights downstream from the Reservoir. Thus, TCEQ's analysis of *Certificate of Adjudication No. 14-1318C* was not constrained by section 297.45 of the Texas Administrative Code or section 11.122(b) of the Texas Water Code. *See City of Marshall v. City of Uncertain,* 206 S.W.3d 97, 111 (Tex. 2006). *See also* TEX. WATER CODE ANN. § 11.122(b) (West 2008); 30 TEX. ADMIN. CODE § 297.45 (1999). Instead, when considering a proposed water-rights amendment, TCEQ is required to assess specified criteria other than impacts on other water-rights holders or the on-stream environment, i.e., public welfare, ground-water effects, the adequacy of a water conservation plan, and consistency with the state water plan and any approved regional plan. *City of Marshall*, 206 S.W.3d at 110-11. CRBWCA does not challenge *Certificate of Adjudication No. 14-1318C* on any of these bases and, having considered the record, we find there is substantial evidence in support of these requirements.

---

[10]Section 11.122(b) states as follows:

> Subject to meeting all other applicable requirements of this chapter, except an amendment to a water right that increases the amount of water authorized to be diverted or the authorized rate of diversion, shall be authorized if the requested change will not cause adverse impact on other water right holders or the environment on the stream of greater magnitude than under the circumstances in which the permit, certified filing, or certificate of adjudication that is sought to be amended was fully exercised according to its terms and conditions as they existed before the requested amendment.

> TEX. WATER CODE ANN. § 11.122(b) (West 2008).

CRBWCA asserts there is an adverse impact on downstream appropriators because the *City of San Angelo Water Rights Accounting Plan* permits the Watermaster[11] and TCEQ's Executive Director to make changes to that plan without giving notice to other water right holders. CRBWCA contends this authority allows the Watermaster and Executive Director to circumvent applicable statutory requirements for amendments to *Certificate of Adjudication No. 14-1318C.* However, *Certificate of Adjudication No. 14-1318C* specifically provides that any modification altering its terms requires an amendment in compliance with the Water Adjudication Act and there is no record evidence that either the Watermaster or TCEQ's Executive Director intend to ignore this provision going forward. Instead, CRBWCA's witnesses testified they were satisfied with the Watermaster's past performance.[12] CRBWCA's second point of error is overruled.

## POINTS OF ERROR THREE AND FOUR

CRBWCA asserts TCEQ erred in finding *Certificate of Adjudication No. 14-1318C* would have no adverse impact on the environment and by not conducting a water availability analysis. As we determined earlier, under the circumstances, TCEQ was not constrained by section 11.122(b) of the Texas Water Code or section 297.45 of the Texas Administrative Code. *See City of Marshall,* 206 S.W.3d at 110. Instead, TCEQ was required to assess specified criteria other than impacts on other water-rights

---

[11]*See* TEX. WATER CODE ANN. §§ 11.326 (appointment of watermaster), 11.327 (duties of watermaster) (West 2008 and West Supp. 2013).

[12]There was also testimony the City of San Angelo had been operating under the *City of San Angelo Water Rights Accounting Plan* since 2008, nearly two years before SOAH proceedings related to *Certificate of Adjudication No. 14-1318C* were commenced.

holders and on-stream environment. *Id.* at 110-11. CRBWCA's third and fourth points of error are overruled.

**POINT OF ERROR FIVE**

CRBWCA asserts its due process rights were violated because the administrative law judge improperly engaged in a wholesale exclusion of its witnesses' testimony at the administrative hearing; TCEQ failed to consider *Permit 1949* in defining the City of San Angelo's water right prior to amendment; and there is no right for CRBWCA to appeal *Certificate of Adjudication No. 14-1318C*'s exclusion of certain terms contained in *Permit 1949*.

A violation of substantive due process occurs only when the government deprives individuals of constitutionally protected rights by an arbitrary use of its power. *Byers v. Patterson,* 219 S.W.3d 514, 525 (Tex. App.—Tyler 2007, no pet.) (citing *Simi Inv. Co. v. Harris County,* 236 F.3d 240, 249 (5th Cir. 2000), *cert. denied,* 534 U.S. 1022, 122 S.Ct. 550, 151 L.Ed.2d 426 (2001)). A claimant prevails on a substantive due process claim by establishing it holds a constitutionally protected property right to which the challenged government action is not rationally related to furthering a legitimate state interest. *Byers*, 219 S.W.3d at 525 (citing *Simi Inv. Co.,* 236 F.3d at 249-50).

CRBWCA's assertion that certain testimony and evidence was improperly excluded is conclusory. While CRBWCA states the evidence was excluded on the bases of "hearsay, lack of personal knowledge, lay opinion, lack of authentication, or expert testimony," CRBWCA cites to the entirety of the evidence without indicating why

12

any particular evidence was excluded as well as any particular bases for asserting the administrative law judge's evidentiary rulings were erroneous. Rule 38.1 of the Texas Rules of Appellate Procedure requires an appellant's brief to contain a clear and concise argument for the contentions made. TEX. R. APP. P. 38.1(i). This requirement is not satisfied by conclusory statements. *Taylor v. Meador,* 326 S.W.3d 682, 683 (Tex. App.—El Paso 2010, no pet.); *Eastin v. Dial,* 288 S.W.3d 491, 501-02 (Tex. App.—San Antonio 2009, pet. denied).

In addition, having earlier found that *Certificate of Adjudication No. 14-1318* superseded *Permit 1949*, we reiterate that TCEQ did not err in failing to consider evidence related to *Permit 1949* in approving *Certificate of Adjudication No. 14-1318C*. Moreover, the 51st District Court's 1976 *Final Judgment and Decree* was subject to appeal; *see* TEX. WATER CODE ANN. § 11.322(c) (West 2008), however, there is no record of any appeal being taken. Having failed to establish the violation of a constitutionally protected property right by an arbitrary use of power by TCEQ, we overrule CRBWCA's fifth point of error.

Because we conclude the above and foregoing addresses every issue raised and necessary to a final disposition of this appeal, we do not reach the City of San Angelo's three cross-points. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice