# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-23-00756-CV

---

**Kristy Berry a/k/a Kristina Marie Gilpin, Appellant**

**v.**

**Cameron Brickell, Appellee**

---

**FROM THE COUNTY COURT AT LAW NO. 1 OF BELL COUNTY**
**NO. 23CCV01011, THE HONORABLE PAUL A. MOTZ, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

This is an appeal from the county court's judgment in an eviction case. *See generally* Tex. Prop. Code §§ 24.001-.011; Tex. R. Civ. P. 510.1-.13 (governing eviction cases). The court granted appellee, Cameron Brickell, possession of the residential property at issue. Appellant, Kristy Berry, a/k/a Kristina Marie Gilpin, argues for more time to vacate the property, asserts claims about alleged theft and harassment by her neighbor (Brickell's father), and requests the return of the allegedly stolen property. Because Berry has not presented any cognizable issues that challenge the county court's judgment that Brickell is entitled to possession of the property, we affirm.

### BACKGROUND

According to Berry's brief, she and her partner, Raymond Flores, had been tenants at the property for ten years without a written lease. Berry asserts that they had entered into an

oral agreement with Brickell's grandfather, Bill Brickell, that their monthly rental payments would go towards purchasing the property for a total price of $10,000.[1]  However, before Bill passed away, he gave the property to his grandson Brickell.

According to Brickell's petition for eviction, which was filed in justice court on July 19, 2023, the parties had an oral agreement and Berry and Flores had an "at will tenancy." *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 915 (Tex. 2013) ("Because tenants at will remain in possession with their landlords' consent, their possession is lawful, but it is for no fixed term, and the landlords can put them out of possession at any time.").  Brickell alleged in the petition that on December 11, 2022, he delivered a written notice to vacate the premises within 14 days to Berry and Flores in person.  *See* Tex. Prop. Code § 24.005(b) (establishing that landlord must give tenant at will at least three days' written notice to vacate before filing forcible-detainer suit); *id.* § 24.002(a)(2) (establishing that tenant at will "commits a forcible detainer" if tenant refuses to surrender possession of real property on demand).  Berry and Flores failed to vacate the premises by December 26, 2022, and in July, Brickell filed the petition for eviction on the grounds of environmental hazards at the property.  *See* Tex. R. Civ. P. 510.3.

All parties appeared in justice court for a bench trial on August 1, 2023.  The justice court issued a final judgment awarding Brickell possession of the property and no damages.  The court set a bond at $500 for appeal to the county court.  *See id.* R. 510.9(b).  Berry perfected her de novo appeal to the county court by filing a "Statement of Inability to Afford Payment of Court Costs or an Appeal Bond" with the justice court.  *See id.* R. 510.9(a).  Brickell did not contest the Statement.  *See id.* R. 510.9(c).  In her pleadings before the county court, Berry stated that she had

---

[1] We refer to Brickell's grandfather by his first name for clarity.

been unable to find another place for her and Flores to live due to financial concerns, vehicle troubles, limited credit history, and Flores's ongoing health challenges.

The county court conducted a de novo bench trial on November 2, 2023, at which Berry and Brickell both appeared. That same day, the county court signed a judgment awarding Brickell possession of the property and court costs in the amount of $179.00. The court ordered that the property be restored to Brickell by midnight on November 9, 2023, unless Berry filed a supersedeas bond in the amount of $3,000. *See* Tex. Prop. Code § 24.007 ("A judgment of a county court may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court.").

Berry timely perfected appeal to this Court.[2]

**ANALYSIS**

Berry raises three issues in her appellate brief. As we understand them, Berry's issues on appeal can be summarized as follows: (1) a request for more time to vacate the premises and remove her possessions, including building materials, a boat, and a trailer; (2) a request for the Court to stop her next-door neighbor, Brickell's father, Miles Brickell, from harassing her by cutting off her water supply and taking her possessions, among other things; and (3) a request for the return of the allegedly stolen property, including a trailer allegedly taken by Miles. In her brief, Berry does not challenge any aspect of the eviction proceeding or assert any challenge to the county court's ruling awarding Brickell possession of the property. Berry's stated issues raising

---

[2] Due to health issues, Flores had moved away from the property by the time Berry appealed. He is not a party to the appeal.

allegations of harassment and theft by Miles and requesting more time to vacate the property do not present a cognizable challenge to the trial court's judgment.

A forcible-detainer suit is intended to be a "speedy, simple, and inexpensive means to obtain immediate possession of property." *Marshall v. Housing Auth.*, 198 S.W.3d 782, 787 (Tex. 2006); *see also Coinmach,* 417 S.W.3d at 919. As noted above, a tenant at will commits forcible detainer if she refuses to surrender possession of the property on written demand by the person entitled to possession of the property. *See* Tex. Prop. Code § 24.002(a)(2). "The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall*, 198 S.W.3d at 785–86 (citing Tex. Prop. Code § 24.001). Accordingly, Rule 510.3 provides as follows:

> The court must adjudicate the right to actual possession and not title. Counterclaims and the joinder of suits against third parties are not permitted in eviction cases. A claim that is not asserted because of this rule can be brought in a separate suit in a court of proper jurisdiction.

Tex. R. Civ. P. 510.3(e).

Thus, to prevail in a forcible-detainer action, a plaintiff is not required to prove title; instead, he "is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession."[3] *Haddox v. Federal Nat'l Mortg. Ass'n*, No. 03-15-00350-CV, 2016 WL 2659695, at *2 (Tex. App.—Austin May 6, 2016, pet. dism'd) (mem. op.) (quoting *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.)). After the de novo trial, the

---

[3] "[A] judgment of possession in a forcible detainer action is a determination only of the right to immediate possession and does not determine the ultimate rights of the parties to any other issue in controversy relating to the realty in question." *Lopez v. Sulak,* 76 S.W.3d 597, 605 (Tex. App.—Corpus Christi–Edinburg, 2002, no pet.); *see also* Tex. Prop. Code § 24.008 (providing that "[a]n eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits").

county court concluded that Brickell "is entitled to possession of the property." Berry has not challenged the sufficiency of the evidence presented by Brickell on this issue.

In addition, we note that Berry filed her brief without requesting the reporter's record. *See* Tex. R. App. P. 34.6(b)(1) (establishing that "appellant must request in writing that the official reporter prepare the reporter's record"). In the absence of a reporter's record, "we do not know what, if any, evidence was presented to the trial court." *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). Without a reporter's record, we must presume that the missing evidence supported the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002). Moreover, "statements in a brief that are unsupported by the records cannot be accepted as facts by an appellate court." *J. W. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00151-CV, 2023 WL 5208035, at *3 (Tex. App.—Austin Aug. 15, 2023, pet. denied) (mem. op.) (quoting *In re A.F.S.*, No. 05-16-01123-CV, 2018 WL 3434509 at *2 (Tex. App.—Dallas July 17, 2018, no pet.) (mem. op.)). Furthermore, "we do not know what issues were presented to and ruled on by the county court at law as generally required to preserve error." *See Loredo v. Williams*, No. 03-25-00052-CV, 2025 WL 2325166, at *2 (Tex. App.—Austin Aug. 13, 2025, no pet. h.) (mem. op.) (citing Tex. R. App. P. 33.1).

Although we "construe pro se pleadings and briefs liberally," pro se litigants must still follow the same rules and laws as litigants who are represented by a licensed attorney, *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.), including all applicable rules of procedure. *Loredo*, 2025 WL 2325166, at *2 (citing *Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam)). The Texas Rules of Appellate Procedure require an appellant's brief to concisely state all issues or points presented for review. Tex. R. App. P. 38.1(f). In addition, an appellant's brief "must contain a clear and concise argument for the contentions made, with

appropriate citations to authorities and to the record." *See id.* R. 38.1(i); *see also id.* R. 34.1 ("The appellate record consists of the clerk's record and, if necessary to the appeal, the reporter's record."). While we are required to treat an appellant's issue statements in briefs as "covering every subsidiary question that is fairly included," *id.* R. 38.1(f), an issue statement is sufficient only "if it directs the attention of the appellate court to the error about which [the] complaint is made." *Weekley Homes, LLC v. Paniagua*, 646 S.W.3d 821, 827 (Tex. 2022) (per curiam) (quoting *Anderson v. Gilbert*, 897 S.W.2d 783, 784 (Tex. 1995)). In this case, the issues raised by Berry do not direct us to any complained-of errors by the trial court.

"We generally hesitate to turn away claims based on waiver or failure to preserve the issue." *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 221 (Tex. 2017). We "construe briefing 'reasonably, yet liberally, so that the right to appellate review is not lost by waiver.'" *Id.* at 222 (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam)). To preserve a point for appellate review, a party must make a timely, specific objection or motion to the trial court that both states the grounds for the ruling sought with sufficient specificity, unless the grounds are apparent from the context, and complies with the rules of evidence or procedure, and the trial court must rule on the party's objection or request. *See* Tex. R. App. P. 33.1(a). A party's complaints and arguments on appeal must correspond with the complaints made at the trial-court level to preserve error for appeal. *See Blackstone Med., Inc. v. Phoenix Surgicals, L.L.C.*, 470 S.W.3d 636, 651 (Tex. App.—Dallas 2015, no pet.). While we are mindful of the Texas Supreme Court's direction that we "should reach the merits of an appeal whenever reasonably possible," *Perry*, 272 S.W.3d at 587, in this case we are precluded from doing so by the lack of both a complete record and a properly preserved challenge to the trial court's disposition of the sole issue before it—whether Brickell had the right to immediate possession of the property.

6

A pro se appellant is required to properly present her case both at trial and on appeal. *Strange v. Continental Cas.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied). An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review. *Id.* at 678. An appellate court has no duty to perform an independent review of the record and applicable law to determine whether error occurred. *See id.* "Were we to do so, even on behalf of a pro se litigant, we would be forced to stray from our role as neutral adjudicators and become an advocate for that party." *Taylor v. Meador*, 326 S.W.3d 682, 684 (Tex. App.—El Paso 2010, no pet.).

In this case, the issues presented by Berry are not challenges to the trial court's ruling on the right of possession of the property, which was the only issue before the trial court. Berry has not demonstrated that she preserved error in the trial court on the issues she raises on appeal, nor has she provided legal authority or substantive analysis addressing those issues. *See* Tex. R. App. P. 33.1(a), 38.1(i). Berry's issues presented are therefore overruled.

## CONCLUSION

Having overruled Berry's issues on appeal, we affirm the county court's judgment.

_____

Gisela D. Triana, Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Affirmed

Filed:   September 30, 2025

7